IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02565-RPM-MEH

SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,
ATLANTIC RECORDING CORPORATION, a Delaware corporation,
UMG RECORDINGS, INC., a Delaware corporation, and
BMG MUSIC, a New York general partnership,

       Plaintiffs,
v.

STEVEN LINDSAY,

       Defendant.

---

**RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT**

---

Before the Court is Plaintiffs' Application for Entry of Default Judgment by the Court [Docket #15]. Plaintiff brings one claims for copyright infringement. Plaintiff alleges that Defendant unlawfully distributed Plaintiffs' copyrighted material over the Internet via a "peer-to-peer" ("P2P") file copying network. Plaintiff requests statutory damages, attorney's fees and costs, and an injunction.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and the Order of Reference filed by the District Court, the Motion has been referred to this Court to issue proposed findings of fact and a recommendation for disposition of the Motion. Dock. #16. The Court held an evidentiary hearing on the Motion on May 5, 2008. The Court recommends that, for the reasons stated herein, the Motion be **granted**.

**I.    Findings of Fact**

Plaintiffs allege that third-party investigator Elizabeth Hardwick identified an individual using LimeWire on the P2P network Gnutella at IP address 71.219.187.1. This individual had 235 audio files in his "shared" folder available for other members of the P2P network to download over

the Internet. On June 13, 2007, Ms. Hardwick downloaded ten songs from this individual, for which Plaintiffs own the exclusive copyright. Ms. Hardwick was able to download an entire copy of each of the ten songs. In her Affidavit, she states that she could have downloaded more of the 235 audio files had she chosen to do so. Hearing, Plaintiff's Exh. 5; Dock. #19-6. The ten songs downloaded are listed in Exhibit A to the Complaint. Plaintiffs then subpoenaed the IP records from Qwest through an *Ex Parte* Application for Leave to Take Expedited Discovery in Civil Action No. 07-cv-01352-RPM and determined that the IP address listed above was assigned to the internet account of Defendant Steven Lindsay at the time of the infringement. Plaintiffs further allege that they have placed proper notices of their copyrights under 17 U.S.C. § 401 on the respective album covers of these ten songs.

During the evidentiary hearing, Plaintiffs submitted sworn affidavits establishing their exclusive copyright for these ten songs, as well as copies of the certificates of registration for these copyrights. All of the copyrights were registered prior to June 13, 2007. Plaintiffs seek statutory damages, costs, and an injunction.

## II.  Recommended Conclusions of Law

Defendant was personally served with the Complaint in this case on March 12, 2007. Dock. #11. After Defendant failed to file an answer, Plaintiffs moved for Entry of Default by the Clerk of the Court, which was entered on April 18, 2008. Dock. #13. By failing to answer the Complaint, Defendant has relieved the Plaintiffs of the burden of proving its factual allegations. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) ("defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Consideration of default judgment on Plaintiffs' claim is now appropriate.

## A. Copyright Infringement

Plaintiffs' Complaint alleges a violation of the copyright laws, 17 U.S.C. § 101 *et seq.* To prevail on a claim for direct infringement of a copyright, Plaintiff must show (1) ownership of the infringed material and (2) that Defendant infringed at least one of the exclusive rights granted to copyright holders under 17 U.S.C. § 106. *See* 17 U.S.C. § 501. These rights include the exclusive rights to do or authorize the following:

> (1) to reproduce the copyrighted work in copies or phonorecords;
> (2) to prepare derivative works based upon the copyrighted work;
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106. Here, Plaintiffs have alleged, through well-pleaded facts, that they own the copyright in the ten works attached to the Complaint and that these copyrights are registered with the United States Copyright Office. Plaintiffs have also alleged that Defendant allowed other members of the P2P network to access these songs and download copies of the songs without the consent of the Plaintiffs. Accordingly, Plaintiff has stated a claim for copyright infringement of Plaintiffs' rights to reproduce and to distribute these works.

## B. Damages

An infringer is liable for either (1) the owner's actual damages and the infringer's profits or (2) statutory damages. 17 U.S.C. § 504(a). In the present case, Plaintiffs seek statutory damages, as set forth in 17 U.S.C. § 504(c)(1):

> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $ 750 or more than $ 30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
>
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $ 150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $ 200. The court shall remit statutory damages in any case where an infringer believed and had reasonable grounds for believing that his or her use of the copyrighted work was a fair use under section 107, if the infringer was: (i) an employee or agent of a nonprofit educational institution, library, or archives acting within the scope of his or her employment who, or such institution, library, or archives itself, which infringed by reproducing the work in copies or phonorecords; or (ii) a public broadcasting entity which or a person who, as a regular part of the nonprofit activities of a public broadcasting entity (as defined in subsection (g) of section 118) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work.

Although Plaintiffs have alleged that Defendant's infringement is willful, they have not sought an enhancement of damages under subsection (c)(2), requesting instead only the minimum amount of $750 for each of the ten copyright violations. The Court believes that this amount is reasonable for the conduct alleged and recommends a total statutory damages award in the amount of $7,500.00

As the prevailing party under 17 U.S.C. § 505, the Court may award Plaintiffs their attorney's fees and costs. Such an award is discretionary and is to be based on the Court's consideration of factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19 (1994) (quotations and citations omitted). A detailed discussion of these factors is unwarranted in

this case, because Plaintiffs seek only costs of $420.00 for the filing of the Complaint and service of process. Considerations of compensation and deterrence alone support an award of these costs. *N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 254 (2d Cir. 1992) ("Because the Copyright Act intended to encourage suits to redress infringement, 'fees are generally awarded to a prevailing plaintiff.'") (citation omitted). The Court, therefore, recommends an award of costs in the amount of $420.00.

### C. Injunction

Plaintiffs also seek an injunction under 17 U.S.C. § 502(a), which allows the Court to grant an injunction to "prevent or restrain infringement of a copyright." A permanent injunction is appropriate if liability is established and Defendant poses a continuing threat to violate the copyright. *National Football League v. McBee & Bruno's, Inc.*, 792 F.2d 726, 732 (8th Cir. 1986) (citing cases). In their Complaint, Plaintiffs request the following injunction:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Complaint at 5–6. Plaintiffs, through well-pleaded factual allegations, have alleged that Defendant violated their copyrights, and Defendant has failed to respond to these allegations. Defendant is a member of a P2P network that allows files to be quickly and easily shared with others; these files include copyrighted works owned by Plaintiffs. From the facts before the Court, it appears that

Defendant could still be distributing Plaintiffs' copyrighted works without authorization. In this case, "[f]ailure to grant the injunction would result in Plaintiffs' continued exposure to harm with no method of recourse." *Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 394 (C.D. Cal. 2005) (adopting an identical injunction); *see also Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) (granting a permanent injunction as part of default judgment because the defendant's on-going ability to infringe the plaintiff's copyright constituted a continued threat of future infringing activity and the defendant's lack of participation in the litigation gave the court no assurance that the infringing activity would cease).

### III. Conclusion

Accordingly, and based on the foregoing, it is hereby RECOMMENDED that the Plaintiffs' Application for Entry of Default Judgment by the Court [filed April 22, 2008; docket #15] be **granted** as follows:

(1) that the District Court **grant** the Motion as to Plaintiffs' claim of copyright infringement;

(2) that the District Court **award** statutory damages pursuant to 17 U.S.C. § 504 in the amount of $7,500.00; and costs in the amount of $420.00; and

(3) that the District Court **enjoin** Defendant as follows:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this

Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

  Dated at Denver, Colorado this 6th day of May, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).